USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/6/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BRIANNA WEST, *as Parent and Natural Guardian of J.Q.A. an Infant,*
and BRIANNA WEST, *individually,*
                          Plaintiff,

v.

UNITED STATES OF AMERICA,
                          Defendant.
--------------------------------------------------------------x

**ORDER GRANTING MOTION FOR SUBSTITUTION**

23 CV 2085 (VB)

Briccetti, J.:

    In this medical malpractice case, plaintiff Brianna West brings claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., against defendant the United States arising from the labor and delivery of infant J.Q.A. at Keller Community Hospital in West Point, New York. (Doc. #33). By letter dated August 27, 2024, the parties jointly notified the Court that J.Q.A. passed away. (Doc. #56).

    By letter dated November 4, 2024, the parties notified the Court that they had reached a settlement in principle, subject to certain conditions. (Doc. #65). One such condition is that plaintiff properly substitute the parties in this action. (Id.).

    By motion dated December 30, 2024, plaintiff moves pursuant to Federal Rule of Civil Procedure 25(a) to substitute "Brianna West, as Administrator of the Estate of J.Q.A.," in the place of "Brianna West, as Parent and Natural Guardian of J.Q.A., an Infant." (Doc. #68). The parties have previously indicated that they would jointly agree to the substitution of plaintiff. (Doc. #56).

    For the reasons set forth below, the motion is GRANTED.

1

## LEGAL STANDARD

Pursuant to Rule 25(a)(1),

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the defendant must be dismissed.

To succeed on a motion for substitution, the movant must show (i) the motion is timely; (ii) the movant's claims have not been extinguished by the death; and (iii) the movant proposed a proper party for substitution. See Roe v. City of N.Y., 2003 WL 22715832, at *1–3 (S.D.N.Y. Nov. 19, 2003).

## DISCUSSION

### I. Timeliness

Rule 25(a)(1) provides that a motion to substitute must be made within 90 days of the service of a statement noting the death. See F.R.C.P. 25(a)(1).

Although the parties jointly notified the Court of J.Q.A.'s passing by letter dated August 27, 2024 (Doc. #56), this status letter does not qualify as a "statement noting death," which must be served on the parties pursuant to Federal Rule of Civil Procedure 5. See F.R.C.P. 25(a)(3).

Instead, the statement of death was formally served on defendant on December 30, 2024, and was accompanied by a death certificate. (Docs. #68-2, #68-5). The motion to substitute was filed the same day. (Doc. #68). Therefore, the motion is timely.

### II. Survival of the Claim

Plaintiff's claims arise under the FTCA. "The FTCA provides limited waiver of the Government's sovereign immunity for claims for injury or loss of property, or personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government

2

while acting within the scope of his office or employment." Wright v. United States, 162 F. Supp. 3d 118, 127 (E.D.N.Y. 2016). Because plaintiff's claims relate only to the labor and delivery of J.Q.A., the post-operative care rendered to plaintiff, and the neonatal care rendered to J.Q.A., plaintiff's claims are not extinguished by J.Q.A.'s death.

III.  Proper Party

A proper party for substitution is either a "representative of the deceased party's estate" or a "successor of the deceased party." Garcia v. City of N.Y., 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009).

Here, the statement of death and the motion to substitute was accompanied by a copy of the decree of the Surrogate's Court of the State of New York awarding Letters of Administration to plaintiff. (Doc. #68-3). This decree establishes that plaintiff is the proper representative of J.Q.A.'s estate.

Because plaintiff timely filed a motion for substitution; plaintiff's claims are not extinguished by J.Q.A.'s death; and plaintiff is the proper party for substitution, plaintiff's motion is granted.

## CONCLUSION

Plaintiff's motion to substitute is GRANTED.

"Brianna West, as Administrator of the Estate of J.Q.A.," is substituted as a plaintiff in the place of "Brianna West, as Parent and Natural Guardian of J.Q.A., an Infant."

The Clerk is instructed to terminate the motion. (Doc. #68).

Dated: January 6, 2025  
      White Plains, NY

SO ORDERED:

_____  
Vincent L. Briccetti  
United States District Judge

3