**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6|18|25_

---

BRIANNA WEST, as Administrator of the Estate of
J.Q.A., and BRIANNA WEST, individually,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

---

~~PROPOSED~~
**ORDER OF COMPROMISE**
**AND APPROVAL**

7:23 Civ. 2085 (VB)

WHEREAS, on March 10, 2023, then-plaintiff Brianna West, as parent and natural guardian of J.Q.A., an infant, and individually, filed a complaint commencing the above-captioned action (the "Complaint"), asserting tort claims pursuant to the Federal Tort Claims Act ("FTCA") against the United States of America;

WHEREAS, on July 27, 2024, J.Q.A. died;

WHEREAS, on December 16, 2024, Brianna West was granted Letters of Administration for the Estate of J.Q.A. by the Surrogate's Court of Orange County, New York;

WHEREAS, pursuant to New York Estates Powers and Trusts Law § 5-4.6, this Court is of competent jurisdiction to approve the compromise of this action;

WHEREAS, on January 6, 2025, Brianna West, as Administrator of the Estate of J.Q.A., was substituted as the plaintiff for Brianna West, as parent and natural guardian of J.Q.A., an infant in this action;

WHEREAS, a settlement conference was held before Magistrate Judge Victoria Reznik on October 17, 2024, with the presence of all parties;

WHEREAS, the parties have reached a proposed settlement and release of the claims in the Complaint, in consideration for a total settlement in principle of $2,480,000;

WHEREAS, Brianna West, as the Administrator of the Estate of J.Q.A and individually, and Javiar Archie, J.Q.A's father and the ex-husband of Ms. West (together, "Plaintiffs") agree to the complete and precise terms and conditions set forth in the proposed Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 ("Stipulation") annexed hereto as Exhibit A;

WHEREAS, the Court has reviewed the Stipulation, Plaintiffs' motion for approval of the settlement, and the documents supported in the motion, and heard Plaintiffs' arguments in favor of the settlement;

WHEREAS, the Court is fully informed of the specifics of the full and final terms and conditions of the including the necessity of the approval by a court of competent jurisdiction on behalf of the Estate of J.Q.A., as well as the approval by the Attorney General of the United States or the Attorney General's designee, *see* Stipulation ¶ 5(a), (b);

WHEREAS, the Court finds that the terms and conditions of this settlement, as set forth in the Stipulation, are fair, reasonable, and in the best interests of the Estate of J.Q.A.;

WHEREAS, the Court further finds that the terms and conditions of this settlement, as set forth in the Stipulation, satisfy the requirements of Local Civil Rule 83.2; and

WHEREAS Plaintiffs seek the Court's approval of the terms of the Stipulation, and Plaintiffs' counsel's attorney's fees and disbursements;

IT IS HEREBY ORDERED that the total proposed settlement amount of Two Million Four Hundred Eighty Thousand and 00/100 Dollars ($2,480,000), inclusive of all costs, disbursements and attorney's fees (the "Settlement Amount") is hereby approved as just, fair, and reasonable.

IT IS FURTHER ORDERDED that the settlement with the United States of America, as set forth in Exhibit A, is hereby approved and that Brianna West, as the administrator and

authorized representative of the Estate of J.Q.A., is authorized and required to sign the Stipulation

and any other documents that are necessary to consummate the settlement, and the Court ratifies

her signature on the Stipulation dated May 27, 2025, on behalf of the Estate of J.Q.A.

IT IS FURTHER ORDERED that the Settlement Amount shall be distributed according to

the terms and conditions of the Stipulation. It is further ordered that attorneys' fees in this action

shall be no more than twenty-five percent (25%) of the Settlement Amount and that, pursuant to

New York Estates Powers and Trusts Law § 5-4.6(a), upon submission to this Court of proof of

filing of a petition for allocation in the Orange County Surrogate's Court on behalf of J.Q.A.'s

Estate, Plaintiffs' attorney may draw checks for the following:

(a) The sum of Six Hundred Fourteen Thousand Eight Hundred Ninety and 28/100 Dollars
($614,890.28) to the order of The Fitzgerald Law Firm, P.C., attorneys for Plaintiffs
herein, as and for their Court approved attorneys' fees. The Court finds that these
attorneys' fees are fair and reasonable and do not exceed the exceed the statutory
maximum of twenty-five percent allowed under the Federal Tort Claims Act, 28 U.S.C.
§ 2678.

(b) The sum of Twenty Thousand Four Hundred Thirty-Eight and 90/100 Dollars
($20,438.90) to the order of the Fitzgerald Law Firm, P.C., attorneys for Plaintiffs
herein, as and for the reimbursement of disbursements and expenditures properly made
on Plaintiffs' behalf, *see* Exhibit B. The Court finds that these costs and expenses
associated with the litigation are fair and reasonable.

(c) The sum of One Hundred Fifty-Two Thousand Four Hundred and 95/00 Dollars
($152,400.95) to the order of the Commonwealth of Virginia, Department of Medical
Assistance Services, as and for the full and final payment of its lien for expenditures

3

made on behalf of J.Q.A., *see* Exhibit C. The Court further orders that Plaintiffs and their attorneys shall provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation.

IT IS FURTHER ORDERED that the remaining balance of One Million Six Hundred Ninety-Two Thousand Two Hundred Sixty-Nine and 87/100 Dollars ( $1,692,269.87) shall be held in an interest-bearing escrow account pending a further order from the Orange County Surrogate's Court in regard to the allocation and distribution of said funds.

IT IS FURTHER ORDERED that The Fitzgerald Law Firm, P.C. shall continue to serve as attorney for J.Q.A.'s Estate until entry of a final decree in Orange County Surrogate's Court.

IT IS FURTHER ORDERED that the Court shall not retain jurisdiction over the action against the United States or the settlement.

IT IS FURTHER ORDERED that Plaintiffs, upon final execution of the Stipulation and after the payment of the Settlement Amount by the United States, shall immediately cause to be filed with the Court a dismissal of the action in its entirety with prejudice, with each party bearing its own costs, expenses and fees.

SO ORDERED:

HONORABLE VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE

Dated: 6/18/2025
White Plains, New York

4

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BRIANNA WEST, *as Administrator of the Estate*
*of J.Q.A.,* and BRIANNA WEST, *Individually,*

                              Plaintiff,

                -v.-

UNITED STATES OF AMERICA,

                              Defendant.

No. 7:23 Civ. 2085 (VB)

<u>STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677</u>

It is hereby stipulated by and between the undersigned Plaintiffs (meaning any person,

other than the defendant and the parties' attorneys, signing this agreement waiving and releasing

claims, whether or not a party to this civil action), and the Defendant, United States of America

(hereinafter "United States"), collectively, "the parties," by and through their respective

attorneys, as follows:

1.      The parties to this Stipulation for Compromise Settlement and Release

(hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any

kind, whether known or unknown, including claims for wrongful death, arising directly or

indirectly from the acts or omissions that gave rise to the above-captioned action under the terms

and conditions set forth in this Stipulation.

2.      This Stipulation is not, is in no way intended to be, and should not be construed

as, an admission of liability or fault on the part of the United States, its agents, servants, or

employees, and it is specifically denied that they are liable to Plaintiffs. This settlement is

entered into by all parties for the purpose of compromising disputed claims under the Federal

West v. United States, 7:23-cv-2085, S.D.N.Y.
Stipulation for Compromise Settlement and Release
(May 12, 2025)
                              Page **1** of **13**

Tort Claims Act and avoiding the expenses and risks of further litigation.

3.      In consideration for Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiffs the amount of Two Million Four Hundred Eighty Thousand Dollars ($2,480,000.00) (hereinafter "Settlement Amount") as follows:

a.      Within five business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security numbers or tax identification numbers of Plaintiffs and Plaintiffs' attorneys; (3) Order(s) approving the settlement, and authorizing an individual or entity to sign, on behalf of any minor, legally incapacitated adult, or estate; and (4) an authorization by the Attorney General or her designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit a request to the United States Treasury, requesting an electronic funds transfer ("EFT") for the Settlement Amount, made payable to the "The Fitzgerald Law Firm, P.C. IOLTA Account." Plaintiffs' attorney agrees to distribute the Settlement Amount to Plaintiffs, in accordance with the terms and conditions of this Stipulation.

b.      With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account, settlement preservation trust, or special or supplemental needs trust. Plaintiffs further stipulate and agree that Plaintiffs, Plaintiffs' attorney(s), any Guardian Ad Litem, and Plaintiffs' representatives (including any structured settlement annuity broker, regardless of whether said broker was

West v. United States, 7:23-cv-2085, S.D.N.Y.
Stipulation for Compromise Settlement and Release
(May 12, 2025)

retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.b. precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have received the Settlement Amount, but Plaintiffs agree not to represent to any person, entity, or agency that Plaintiffs are purchasing qualified structured settlement annuities and Plaintiffs agree not to attempt to purchase such structured settlement annuities.

     c.     Plaintiffs stipulate and agree that the attorney shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising out of the subject matter that gave rise to the above-referenced civil action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

     d.     The parties agree that any attorneys' fees owed by Plaintiffs relating to this Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount. 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses incurred in bringing the above-referenced action, and their costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the Settlement Amount, and not in addition thereto. The parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for

West v. United States, 7:23-cv-2085, S.D.N.Y.
Stipulation for Compromise Settlement and Release
(May 12, 2025)
Page **3** of **13**

approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

4.      Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns hereby accept the settlement and the payment of the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of Javier Q. Archie, Jr. ("JQA"), or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have or hereafter may have with respect to the same subject matter that gave rise to the above-captioned action, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned action that could have been but were not alleged in this action.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further

West v. United States, 7:23-cv-2085, S.D.N.Y.
Stipulation for Compromise Settlement and Release
(May 12, 2025)

agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid (including the States of New York, Washington, and Virginia), and Medicare, arising from the injuries that are the subject matter of this action. Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

5.      This compromise settlement is specifically subject to each of the following conditions:

West v. United States, 7:23-cv-2085, S.D.N.Y.
Stipulation for Compromise Settlement and Release
(May 12, 2025)
                    Page **5** of **13**

a.      The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

b.      The parties must agree in writing to the terms, conditions, and requirements of this Stipulation.  The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation.  The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void.  The parties must agree to the terms, conditions, and requirements of this Stipulation before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

c.      Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of the Estate of JQA.  The Order approving the settlement on behalf of the Estate of JQA may be obtained from either the United States District Court for the Southern District of New York or a state court of competent jurisdiction. The terms of any court Order, a draft of which shall be provided by the United States, are a condition of this settlement. Plaintiffs agree to obtain such approval(s) in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event any such approval is not obtained in a timely manner.  In the event Plaintiffs fail to obtain such court approval(s), the entire Stipulation and the compromise settlement are null and void.

West v. United States, 7:23-cv-2085, S.D.N.Y.
Stipulation for Compromise Settlement and Release
(May 12, 2025)

Plaintiffs must obtain such court Order before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

d.      Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.d., or (ii) a written representation by Plaintiffs' attorney stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorney are unaware of any such potential tortfeasor.

e.      Plaintiffs must obtain an order from the United States District Court for the Southern District of New York dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, or the United States.

6.      The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

West v. United States, 7:23-cv-2085, S.D.N.Y.
Stipulation for Compromise Settlement and Release
(May 12, 2025)

7.    Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements. Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds. Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law. Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8.    Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby. Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily. Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorney, who has explained the documents to Plaintiffs and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9.    It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the parties accept the terms of this Stipulation for Compromise Settlement

West v. United States, 7:23-cv-2085, S.D.N.Y.
Stipulation for Compromise Settlement and Release
(May 12, 2025)

and Release as of the dates written below:

Executed this_____day of_____, 2025.

JAY CLAYTON
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

By:    _____
       TARA SCHWARTZ
       Assistant United States Attorney
       86 Chambers St., 3rd Floor
       New York, New York 10007
       (212) 637-2633
       Tara.Schwartz@usdoj.gov

West v. United States, 7:23-cv-2085, S.D.N.Y.
Stipulation for Compromise Settlement and Release
(May 12, 2025)

Executed this 27ᵗʰ day of ꓤꓤꭓ , 2025.

THE FITZGERALD LAW FIRM, P.C.
*Attorney for Plaintiffs*

By: ~~RANDY NASSAU~~
    ~~KENNETH P. MORELLI~~
    JAMES PATRICK FITZGERALD
    The Fitzgerald Law Firm, P.C.
    538 Riverdale Avenue
    Yonkers, New York 10705
    (914) 378-1010

West v. United States, 7:23-cv-2085, S.D.N.Y.
Stipulation for Compromise Settlement and Release
(May 12, 2025)
                              Page 10 of 13

Executed this 27 day of May , 2025

BRIANNA WEST, INDIVIDUALLY

By:    _____
       Brianna West, Plaintiff

West v. United States. 7:23-cv-2085, S.D.N.Y.
Stipulation for Compromise Settlement and Release
(May 12, 2025)
                          Page 11 of 13

Executed this 27 day of May , 2025.

ESTATE OF JQA

By: _____

Brianna West, Administrator of the Estate of JQA, Plaintiff

West v. United States, 7:23-cv-2085, S.D.N.Y.
Stipulation for Compromise Settlement and Release
(May 12, 2025)
                          Page 12 of 13

Executed this 27 day of May , 2025

JAVIER ARCHIE. INDIVIDUALLY

By: _____
         Javier Q. Archie, Sr.

West v. United States, 7:23-cv-2085. S.D.N.Y.
Stipulation for Compromise Settlement and Release
(May 12, 2025)
                              Page 13 of 13

# Exhibit B

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------X    Case No.: 7:23-cv-02085-VB

BRIANNA WEST as Administrator of the Estate of J.Q.A.,

                                                                    Plaintiff,

                              -v-                                                          **SCHEDULE OF**
                                                                                          **DISBURSEMENTS**

UNITED STATES,

                                                                    Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| Blythedale Children's Hospital, records | $    165.00 |
| Obstetrics and Gynecology, expert review. | $  4,000.00 |
| Filing Fee, NYS Supreme Court, Index Number | $    210.00 |
| Filing Fee, NYS Supreme Court, Request for Judicial Intervention | $     95.00 |
| Neonatal-Perinatal Medicine, expert review. | $  4,000.00 |
| Joseph Carfi MD, Physical Medicine & Rehabilitation, Independent Medical Examination, report and Life Care Plan. | $  6,332.50 |
| Michael Soudry MBA, Economics and Statistics, expert report | $  2,652.00 |
| Filing Fee, NYS Supreme Court, Stipulation of Discontinuance | $     36.05 |
| Filing Fee, US District Court, Index Number | $    402.00 |
| Filing Fee, Surrogate's Court, Letters of Administration | $     46.35 |
| Filing Fee, Surrogate's Court, Decree | $  1,250.00 |
| Filing Fee, Surrogate's Court, Accounting | $  1,250.00 |
| Total due to The Fitzgerald Law Firm, P.C.: | $  20,438.90 |

# Exhibit C



# COMMONWEALTH of VIRGINIA
### *Department of Medical Assistance Services*

CHERYL J. ROBERTS
DIRECTOR

SUITE 1300
600 EAST BROAD STREET
RICHMOND, VA 23219
804/786-7933
800/343-0643 (TDD)
www.dmas.virginia.gov

March 6, 2025

FITZGERALD & FITZGERALD, P.C.
538 RIVERDALE AVE
YONKER, NY 10705-

RE:   JAVIER ARCHIE
      975010975337
Accident Date:   March 28 2018
Inv. ID:   1035386

Dear Sir/Madam:

Please be advised that the Commonwealth's lien remains at  $152,400.95 at this time.

Your cooperation and assistance are appreciated.

Sincerely,

RECOVERY ANALYST
TPLUNIT@DMAS.VIRGINIA.GOV
Third Party Liability/Casualty
(804)786-7931